IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 16-03013-01-CR-S-VIDH |
| ) | |
| CHRISTOPHER PECK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

COMES NOW Defendant, Christopher Peck, by counsel, and respectfully requests that this Honorable Court vary downward from the Guidelines when imposing a sentence in his case, pursuant to 18 U.S.C. 3553(a). According to Il 83 and Il 84 of the Presentence Investigation Report, "PSI", the statutory minimum as to Count 3 is 15 years and the Guidelines sentencing range is 360 months (the statutory maximum). As for Count 4, the statutory minimum is 5 years and the Guidelines sentencing range is 240 months (the statutory maximum). Id.

Mr. Peck's request for a downward variance is merely that the sentences for Counts 3 and 4 be assessed at the statutory maximum for each, both to run concurrently. Thus, he is requesting a sentence of 360 months, the statutory maximum, as to Count 3, and 240 months, the statutory maximum, as to Count 4, to run concurrently with each other, to be followed by a term of supervised release deemed appropriate by the Court. Mr. Peck submits that the requested sentence would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. 3553(a). In support of this motion, Mr. Peck offers the following:

SUGGESTIONS

1. Facts.

On November 17, 2016, Mr. Peck entered a plea of guilty to Counts 3 and 4 of the Indictment. The remaining counts of the Indictment are not charged as to this Defendant.

2. Analysis.

Mr. Peck submits that the requested sentence, a statutory maximum as to each count, to run concurrently with each other, to be followed by a term of supervised release, would accomplish the goals of sentencing set forth in 18 U.S.C. 3553(a).

### A. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

The sentences requested above, followed by a term of supervised release, will meet the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

According to the Social Security Administration, Mr. Peck is expected to live for 42.43 more years. A sentence of thirty years, three decades, will be three-fourths of his remaining life expectancy. See Social Security Actuarial Life Table at: https://www.ssa.gov/oact/STATS/table4c6.html. Therefore, the requested sentence is possibly a de facto life sentence given that mortality rates for prisoners is less than the general population.

### B. The need to afford adequate deterrence to criminal conduct.

A sentence of thirty years (based on a concurrent sentence as to both counts), will meet the need to afford adequate deterrence to the criminal conduct in this case. Mr. Peck is remorseful for his conduct. Now that he is drug and alcohol free, his punishment every day is the clarity of what his behavior has done to these children.

With respect to others who will hear of this crime and sentence, a sentence of thirty years will send the message that such behavior will be prosecuted under the law and a significant sentence imposed.

Reliable sources show that lengthy sentences do not serve to provide added deterrence.

The U.S. Department of Justice, Office of Justice Programs, National Institute of Justice, published, "Five Things About Deterrence." Four of the "Five Things" are relevant here: (1) The certainty of being caught is a vastly more powerful deterrent than the punishment; (2) Sending an individual convicted of a crime to prison isn't a very effective way to deter crime; (3) Police deter crime by increasing the perception that criminals will be caught and punished; and (4) Increasing the severity of punishment does little to deter crime. See National Institute of Justice Five Things About Deterrence, May, 2016.

See National Research Council, The Growth of Incarceration in the United States: Exploring Causes and Consequences, 134-40, 337 (2014) (examining empirical studies and concluding that because the marginal deterrent effect of long sentences, if any, is so small and so far outweighed by the increased costs of incarceration, long sentences are "not an effective deterrent").

Thus, a concurrent sentence of thirty years meets the need to deter Mr. Peck and society from committing similar crimes.

### C. The need to protect the public from further crimes of the defendant and history and characteristics of the defendant.

A sentence of thirty years (concurrent to a sentence of twenty years for Count 4) will meet the need to protect the public from the possibility of Mr. Peck committing further crimes.

In addition to a sentence of imprisonment, this Court must order a sentence of supervised release of at least five years. With respect to that term of supervised release, this Court may place significant restrictions and reporting requirements on Mr. Peck if his lifespan exceeds his term of imprisonment. Additionally, because of this conviction, he will be required to register as a sex offender for life. Thus, Mr. Peck will be supervised in a significant way for the remainder of his life. Thus, a sentence of thirty years as to Count 1 and a concurrent sentence of 20 years as to Count 2, with supervision to follow, will meet the need to protect the public from further crimes by this Defendant.

**D. The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence of thirty years will meet the need to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Mr. Peck does not need medical care. However, he would benefit from mental health counseling and treatment for his anxiety and depression.

**E. The nature and circumstances of the offense.**

Mr. Peck entered a plea of guilty to the two counts of the Indictment charging offenses against him. The offense is detailed in the PSI (See PSI Paragraphs 2-8). By entering his pleas of guilty within a timely basis, Mr. Peck has taken full responsibility for, and has shown true contrition for his conduct.

**F.  The kind of sentence and sentencing range established**.

This Court has discretion to vary downward and to enter concurrent sentences of thirty years as to Count 3 and twenty years as to Count 4 as Defendant is requesting. See United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. 3553(a).

Page 4 of 6
Case 6:16-cr-03013-MDH     Document 76     Filed 05/17/17     Page 4 of 6

### G. The need to avoid unwarranted sentence disparities.

The United States Sentencing Commission released its 2015 Sourcebook of Federal Sentencing Statistics. This Report can be found at http://www.ussc.gov/research-andpublications/annual-reports-sourcebooks/2015/sourcebook-2015/. In the Sourcebook, with respect to sexual abuse and child pornography, the average or "mean" length of sentence was 129 months and 157 months, respectively, and the median sentences for each were 120 months and 97 months, respectively. See, Id. at Table 13A.

Thus, a concurrent sentence of thirty years, to be followed by a term of supervised release of not less than five years, will meet the need to avoid unwarranted sentence disparities. A sentence of more than that, or a consecutive sentence would not.

### H. Low Possibility of Recidivism.

Mr. Peck is 40 years of age. Recidivism rates decline as age increases, from 67.6 percent for offenders released prior to age 21 to 16 percent for offenders over sixty years old at the time of release. (See United States Sentencing Commission, Recidivism Among Federal Offenders: A Comprehensive Overview (March, 2016) (http://www.ussc.gov/sites/default/files/ pdf/research-and-publications/research-publications/2016/recidivism overview.pdf). With a sentence of thirty years as to Count 1 and a concurrent sentence of 20 years as to Count 2, Mr. Peck will be at least 67 years of age upon release (with the assumption of good time credit), and have a significantly reduced likelihood of reoffending.

WHEREFORE, based on the arguments set forth herein, Mr. Peck prays that pursuant to 18 U.S.C. 3553(a) this Court order a sentence of thirty years as to Count 3 and a concurrent sentence of 20 years as to Count 4, to be followed by a term of supervised release of not less than five (5) years. Such request is supported by the factors set forth above and would be sufficient, but not greater than necessary, to accomplish the goals of sentencing in this case.

Respectfully submitted,

/s/ Reidar O. Hammond
Reidar O. Hammond, #51649

1658 E. St. Louis Street
Springfield, Missouri 65802
(417) 720-4321
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

/s/ Reidar O. Hammond
Reidar O. Hammond